UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

-------------------------------------------------------X

Cynthia Turner,

                Plaintiff,               Case No. 1:24-cv-11536

     v.                              **FIRST AMENDED ANSWER TO COMPLAINT**

E Team Inc.,

                Defendant.

-------------------------------------------------------X

The Defendant, eTeam, Inc. ("eTeam" or "Defendant"), inaccurately pleaded as "E Team Inc.," by and through its attorney, Thomas E. Manns, P.C., Thomas E. Manns appearing, submits this Answer in response to the Complaint filed by Plaintiff, Cynthia Turner ("Turner" or "Plaintiff"), and responds as follows:

## NATURE OF ACTION AND PARTIES

1.     The allegations of paragraph 1 are neither admitted nor denied, as there are no factual allegations alleged in that paragraph. To the extent that factual allegations are deemed to be included in paragraph 1, they are denied.

2.     The allegations of paragraph 2 are admitted.

3.     The allegations of paragraph 3 are denied.

4.     The allegations of paragraph 4 are admitted.

1

5.      The allegations of paragraph 5 are admitted.

6.      The allegations of paragraph 6 are denied.

7.      The allegations of paragraph 7 are denied.

8.      The allegations of paragraph 8 are denied.

9.      The allegations of paragraph 9 are denied.

10.     The allegations of paragraph 10 are denied, except to admit the accuracy of the dates of employment.

11.     The allegations of paragraph 11 are denied, except that Plaintiff was guaranteed a minimum of forty (40) hours per week.

12.     The allegations of paragraph 12 are denied.

**<u>JURISDICTION AND VENUE</u>**

13.     The allegations of paragraph 13 are neither admitted nor denied, as Defendant does not challenge the jurisdiction of this Court.

14.     The allegations of paragraph 14 are admitted.

15.     The allegations of paragraph 15 are admitted.

16.     The allegations of paragraph 16 are neither admitted nor denied, as there are no factual allegations alleged in that paragraph.  To the extent that factual allegations are deemed to be included in paragraph 16, they are denied.

17.     The allegations of paragraph 17 are neiher admitted nor denied are denied, as Defendant lacks sufficient knowledge or belief to respond further.

18.     The allegations of paragraph 18 are neither admitted nor denied, as

Defendant does not challenge venue in this Court.

19. The allegations of paragraph 19 are neither admitted nor denied are denied, as Defendant lacks sufficient knowledge or belief to respond further, except to admit that eTeam is based in New Jersey.

20. The allegations of paragraph 20 are neither admitted nor denied are denied, as Defendant lacks sufficient knowledge or belief to respond further.

**GENERAL ALLEGATIONS**

21. The allegations of paragraph 21 are denied.

22. The allegations of paragraph 22 are admitted.

23. The allegations of paragraph 23 are admitted.

24. The allegations of paragraph 24 are admitted.

25. The allegations of paragraph 25 are admitted.

26. The allegations of paragraph 26 are admitted.

27. The allegations of paragraph 27 are neither admitted nor denied, as there are no factual allegations alleged in that paragraph. To the extent that factual allegations are deemed to be included in paragraph 27, they are denied.

28. The allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are denied.

32. The allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 are neither admitted nor denied, as there are no factual allegations alleged in that paragraph. To the extent that factual allegations are deemed to be included in paragraph 33, they are denied.

## COUNT I – FAILURE TO PAY OVERTIME AND MINIMUM WAGES UNDER THE FLSA

34. Defendant re-alleges and incorporates by reference all of the above responses.

35. The allegations of paragraph 35 are neither admitted nor denied, as there are no factual allegations alleged in that paragraph. To the extent that factual allegations are deemed to be included in paragraph 35, they are denied.

36. The allegations of paragraph 36 allegations are neither admitted nor denied, as there are no factual allegations alleged in that paragraph. To the extent that factual allegations are deemed to be included in paragraph 36, they are denied.

37. The allegations of paragraph 37 are denied.

38. The allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 are denied. Further, Defendant asserts that its pay practices were conducted in good faith and in compliance with all applicable wage laws, and Defendant specifically denies that written approval from the U.S. Department of Labor was required for its compensation practices. To the extent that any discrepancies in pay may have existed, they were unintentional.

4

40.     The allegations of paragraph 40 are denied.

41.     The allegations of paragraph 41 are denied.

## COUNT II – FAILURE TO PAY OVERTIME UNDER THE
## ILLINOIS MINIMUM WAGE ACT

42.     Defendant re-alleges and incorporates by reference all of the above responses.

43.     The allegations of paragraph 43 are neither admitted nor denied, as there are no factual allegations alleged in that paragraph.  To the extent that factual allegations are deemed to be included in paragraph 43, they are denied.

44.     The allegations of paragraph 44 are denied.

45.     The allegations of paragraph 45 are denied.

46.     The allegations of paragraph 46 are denied.

## COUNT III -- ILLINOIS WAGE PAYMENT
## AND COLLECTION ACT

47.     Defendant re-alleges and incorporates by reference all of the above responses.

48.     Defendant makes no answer to the statement set forth in paragraph 48 for the reason that the same is not a proper allegation, but rather Plaintiff's legal conclusion.   To the extent that such statement is deemed a proper allegation, Defendant denies the same.

49.     Defendant makes no answer to the statement set forth in paragraph 49 for the reason that the same is not a proper allegation, but rather Plaintiff's

Case: 1:24-cv-11536 Document #: 22 Filed: 03/17/25 Page 6 of 9 PageID #:71


interpretation of the law and legal conclusion. To the extent that such statement is deemed a proper allegation, Defendant denies the same.

50.     Defendant makes no answer to the statement set forth in paragraph 50 for the reason that the same is not a proper allegation, but rather Plaintiff's legal conclusion. To the extent that such statement is deemed a proper allegation, Defendant denies the same.

51.     Defendant makes no answer to the statement set forth in paragraph 51 for the reason that the same is not a proper allegation, but rather Plaintiff's interpretation of the law and legal conclusion. To the extent that such statement is deemed a proper allegation, Defendant denies the same.

52.     The allegations of paragraph 52 are denied.

53.     The allegations of paragraph 53 are denied.

54.     The allegations of paragraph 54 are denied.

55.     The allegations of paragraph 55 are denied.

56.     The allegations of paragraph 56 are denied.

### AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims are barred in whole or part due to their failure to state a claim for relief against Defendant.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the work

she performed falls within exemptions, exclusions, exceptions, and/or credits provided for in FLSA 29 U.S.C. §§ 203(m), 207, and 213(a), or 820 ILCS 105/3.

### THIRD AFFIRMATIVE DEFENSE

eTeam at all times acted in good faith to comply with the FLSA and the Illinois Labor Law, and with reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint. eTeam asserts a lack of willfulness or intent to violate the FLSA or the Illinois Labor Law as a defense to any claim by Plaintiff for liquidated damages.

### FOURTH AFFIRMATIVE DEFENSE

eTeam is entitled to a set-off against any sums found to be owing to the extent they were paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to the extent additional compensation was paid to Plaintiff over and above her wages to which she was not entitled.

### FIFTH AFFIRMATIVE DEFENSE

Removed by leave of Court

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff did not work any hours for which she was not compensated pursuant to the FLSA and Illinois law.

### SEVENTH AFFIRMATIVE DEFENSE

eTeam asserts that its investigation into this matter is not yet complete.

7

Therefore, any and all affirmative defenses that may be developed through investigation and discovery will be relied upon at the trial of this cause. eTeam specifically reserves the right to amend its answer to include additional facts and/or defenses, including affirmative defenses and compulsory and/or permissive counterclaims that may be asserted after investigation and discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, eTeam respectfully requests judgment dismissing this action with prejudice and awarding eTeam the costs of this action, and for such other and further relief as this Court may find equitable.


Dated: March 17, 2025


THOMAS E. MANNS, P.C.


By: _____
Thomas E. Manns
Attorney for Defendant
7777 Bonhomme Avenue
Suite 1300
St. Louis, Missouri 63105
(314) 726-6400
(314) 721-1698 (Fax)
tom@mannslawoffice.com

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served by first-class mail, postage prepaid on this _____ day of March, 2025, upon John C. Ireland, Attorney for Plaintiff, 636 Spruce Street, South Elgin, Illinois 60177.

9